UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND CRAIG JOHNSON,          :

    Petitioner                  :   CIVIL ACTION NO. 3:22-0641

    v                           :         (JUDGE MANNION)

WARDEN J.L. JAMISON[1],         :

    Respondent                  :

## MEMORANDUM

Raymond Craig Johnson, an inmate in the Allenwood Federal Correctional Institution, White Deer, Pennsylvania, filed the above captioned petition for writ of habeas corpus, pursuant to 28 U.S.C. §2241. (Doc. 1, petition).

Johnson alleges that "his prior conviction for Second Degree Sexual offense do[es] not fall under §756-5(4)(D) ineligible prisoners of the First Step Act," and that his "PATTERN score is a Med Low" and he "can use [his] accumulated earned time credits towards RRC under §756-17(g)(2)(B) and (D)(i)(II) of the FSA, in which [he] is being deprived to do." Id. For relief, he requests "the Court to correct [his] FSA eligibility status to eligible because

---

[1] Warden J.L. Jamison has replaced Warden Gibson as the Warden of FCI-Allenwood and is, therefore, the proper respondent.

[his] current or any of [his] prior convictions do not fall under §756-5(4)(D) Ineligible Prisoners of the FSA" and "then allow [him] to use [his] accumulated earned time credits towards RRC, unless [his] PATTERN score drops to a low or minimum." Id. A response to the petition was filed arguing that Petitioner is ineligible for FSA time credits, because he has been convicted of a certain category of offense that is not eligible for FSA time credits. (Doc. 11).

For the reasons set forth below, the Court will deny the instant petition for writ of habeas corpus.

I.     **Background**

On or about December 12, 1995, Johnson pled guilty in the North Carolina State Court of Justice, Superior Court Division, to one count of Second-Degree Sexual offense, a violation of 7A G.S. §14-27.5. (Doc. 12-1 at 19).  He was sentenced to a term of sixty-nine (69) to ninety-two (92) month term of incarceration. Id.

On April 29, 2015, Johnson registered as a convicted offender under North Carolina General Statutes; Article 27A, Sex Offender and Public Protection Registration Programs. (Doc. 12-1 at 26).

2

On February 2, 2016, after entering a plea of guilty, the United States District Court for the Middle District of North Carolina sentenced Johnson to a 140-month term of incarceration for Interference with Commerce by Robbery in violation of 18 U.S.C. §1951(a) and (2). (Doc. 11-1 at 7). His current projected release is August 18, 2024, via good time credit. Id.

## II.  Discussion

The FSA allows eligible inmates who successfully complete "Evidence Based Recidivism Reduction" ("EBRR") programs or "Productive Activities" ("PAs") to receive time credits to be applied toward time in prerelease custody or supervised release. See 18 U.S.C. §3632(d)(4)(A), (C). An inmate can earn ten (10) days of credit for every thirty (30) days of successful participation. See id. §3632(d)(4)(A)(i). Furthermore, eligible inmates assessed at a minimum or low risk of recidivism who do not increase their risk of recidivism over two (2) consecutive assessments may earn five (5) additional days of time credit for every thirty (30) days of successful participation, for a total of fifteen (15) days' time credit per thirty (30) days' successful participation. See id. §3632(d)(4)(A)(ii).

The FSA contains multiple eligibility requirements, including an extensive list of convictions that render a prisoner ineligible to earn time

credits. See id. §3632(d)(4)(D). If FSA time credits are properly earned by an eligible inmate, application of those time credits to a prisoner's sentence is governed by 18 U.S.C. §3624(g). Among other requirements, to be eligible for application of earned time credits, a prisoner must: (1) have earned time credits "in an amount that is equal to the remainder of the prisoner's imposed term of imprisonment"; (2) demonstrate through periodic risk assessments a recidivism risk reduction or maintain a "minimum or low recidivism risk" during the term of imprisonment; (3) have had the remainder of his term of imprisonment computed; and, (4) as pertains to prerelease custody, have been determined under the System to be a minimum or low risk to recidivate pursuant to the last two reassessments of the prisoner or have had a petition to be transferred to prerelease custody approved by the warden of the prison. See id. §3624(g)(1); see also 28 C.F.R. §523.44(b), (c).

Respondent asserts that Johnson is ineligible for earned time credits under the FSA because he has been convicted of a disqualifying offense listed in Section 3632(d)(4)(D). Specifically, Respondent contends that Petitioner is ineligible under 18 U.S.C. §3632(d)(4)(D)(li) which provides that an inmate is not eligible to receive time credits if the prisoner is serving a sentence for a conviction for:

> a]n offense described in section 3559(c)(2)(F), for which the offender was sentenced to a term of imprisonment of more than

> 1 year, if the offender has a previous conviction, for which the offender served a term of imprisonment of more than 1 year, for a Federal or State offense, by whatever designation and wherever committed, consisting of…aggravated sexual abuse and sexual abuse (as described in sections 2241 and 2242)…

18 U.S.C. §3632(d)(4)(D)(li). Petitioner's present confinement pursuant to 18 U.S.C. §1951 (a) and (2)[2] qualifies as a "serious violent felony" as set forth in 18 U.S.C. §3559(c)(2)(F)(ii) as follows:

> any other offense punishable by a maximum term of imprisonment of ten years or more that has an element the use, attempted use, or threatened use of physical force against the person of another or that, by its nature, involves a substantial risk that physical force against the person of another may be used in the court of committing the offense…

Johnson's present sentence for a Hobbs Act robbery conviction under 18 U.S.C. §1951(a) is punishable up to twenty years and "necessarily has

---

[2] Title 18 U.S.C. §1951(a) and (2) states in relevant part as follows:

(a) Whoever in any way or degree obstructs, delays, or affects commerce or the movement of any article or commodity in commerce, by robbery or extortion or attempts or conspires so to do, or commits or threatens physical violence to any person or property in furtherance of a plan or purpose to do anything in violation of this section shall be fined under this title or imprisoned not more than twenty years, or both.

* * *

(b) As used in this section--

(2) The term "extortion" means the obtaining of property from another, with his consent, induced by wrongful use of actual or threatened force, violence, or fear, or under color of official right.

an element the use, attempted use or threatened use of physical force against the person or property of another." United States v. Walker, 990 F.3d 316, 326 (3d Cir. 2021), *vacated on other grounds*, No. 21-102, 2022 WL 2295075 (U.S. June 27, 2022).

Additionally, Respondent submits that BOP Program Statement 5162.05, Categorization of Offenses at Section 4b,[3] lists convictions under 18 U.S.C. §1951(a) as crimes of violence where the court finds the offense involved the use of threated use of force. Respondents submit the declaration of Jennifer Knepper, BOP Attorney Advisor, who states that a review of Johnson's Pre-Sentence Investigation (PSI) indicates that he threatened another with a weapon while demanding cash and cigarettes and received a sentence enhancement for using a firearm and abducting a person to facilitate commission of the offense. (Doc. 11-1 at 4).

Satisfying the requirements of 18 U.S.C. §3559(c)(2)(F)(ii), triggers a review of Petitioner's prior convictions, to see if he is ineligible under 18 U.S.C. §3632(d)(4)(D)(li). Specifically, the review is whether Petitioner has a previous conviction, for which he served a term of imprisonment of more than one year, consisting of one of a number of precluding offenses. 18 U.S.C. §3632(d)(4)(D)(li).

---

[3] See https://www.bop.gov/policy/progstat/5162_005.pdf.

Petitioner's 1995 conviction for felony second degree sexual offense, in the North Carolina State Court resulted in a sixty-nine-to-ninety-two-month sentence. Petitioner's PSI for this offense reveals that Petitioner broke into a residence and committed a sex offense on the individual by force and against her will. (Doc. 11-1 at 5).

Pursuant to North Carolina, N.C.G.S.A. §14-27.27 formerly cited as §14-27.5:

> A person is guilt of a second-degree forcible sexual offense if the person engages in a sexual act with another person:
>
> (1) By force and against the will of the other person; or
>
> (2) Who has a mental disability or who is mentally incapacitated or physically helpless, and the person performing the act knows or should reasonably know that the other person has a mental disability or is mentally incapacitated or physically helpless.

The elements of the state offense are analogous to the federal offenses of aggravated sexual abuse and sexual abuse. See 18 U.S.C. §§2241(a) and 2241(1).[4]

---

[4] Aggravated sexual abuse is defined as knowingly causing "another person to engage in a sexual act — (1) by using force against that other person." Id. at §2241(a). Sexual abuse is defined as knowingly causing "another person to engage in a sexual act by threatening or placing that other person in fear…" Id. at §2241(1).

7

Applying these principles here, the court finds that Petitioner is ineligible for earned timed credits under the FSA based on his disqualifying offense. The BOP's final rule clearly states: "[i]f the inmate is serving a term of imprisonment for an offense specified in 18 U.S.C. §3632(d)(4)(D), the inmate is not eligible to earn FSA Time Credits." 28 C.F.R. §523.41(d)(2). Because Johnson was convicted of an offense enumerated in 18 U.S.C. §3632(d)(4)(D), the BOP properly deemed him ineligible for earned time credits under the FSA. See 18 U.S.C. §3632(d)(4)(D)(li). Thus, we cannot grant Johnson the relief he seeks.

### III.   Conclusion

Based on the foregoing, the Court will deny Johnson's petition for a writ of habeas corpus pursuant to 28 U.S.C. §2241. An appropriate order shall issue.

*s/ Malachy E. Mannion*
**MALACHY E. MANNION**
**United States District Judge**

**Date: September 26, 2023**
22-0641-01